UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VLADMIR LITVAK,<br><br>　　　　　Defendant. | Case No. 24-cv-01532-TSH<br><br>**ORDER GRANTING APPLICATION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 9 |

## I.　INTRODUCTION

Pension Benefit Guaranty Corporation ("PBGC") requests the Court permit service of the summons and complaint on Defendant Vladmir Litvak via posting at his last known address and electronic mail. ECF No. 9. For the reasons stated below, the Court **GRANTS** the motion.

## II.　BACKGROUND

PBGC, as statutory trustee of the Volk Electric Inc. Retirement Plan (the "Plan"), filed this action on March 13, 2024 under Title IV of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1301-1461 (2012 & Supp. IV 2017). It seeks to recover losses suffered by the Plan as a result of the Litvak's alleged violations of ERISA. Compl., ECF No. 1.

From March 15-18, 2024, a process server retained by PBGC made multiple unsuccessful attempts to effectuate service of the summons and complaint upon Litvak at his last known address, 899 Avenue H, San Francisco, California 94130. Appl., Ex. 1, ECF No. 9-1. PBGC subsequently obtained a Case Logging, Enforcement and Activity Reporting (CLEAR) report which showed Litvak linked to an address at 815 Hyde St #100 San Francisco, CA 94109. On March 28, 2024, the process server attempted to serve Litvak at that address, but it turned out to be a community center and those present stated they did not know Litvak. *Id.*, Ex. 2, ECF No. 9-2.

1    On April 22, 2024, PBGC sent a message to Litvak via electronic mail to the email address used in previous communications between PBGC and Litvak. Appl. at 3. The message informed Litvak of PBGC's attempts to serve him and included a copy of the summons and complaint. *Id.* PBGC requested Litvak provide an address at which he could be served, but he did not respond. *Id.* PBGC also sent correspondence to Litvak via U.S. Postal Service certified mail and FedEx Delivery to his last known address. Appl., Ex. 3, ECF No. 9-3. PBGC received a signed confirmation from the postal service that the certified mail correspondence was delivered on May 16, 2024. *Id.* PBGC also received unsigned confirmation that the FedEx package was delivered on May 3, 2024. *Id.* Because the certified mail was successfully delivered, PBGC made two additional attempts to serve Litvak at that location via process server on June 6 and10, 2024. *Id.*, Ex. 4, ECF No. 9-4. The process server was unsuccessful, stating the doors were locked and no one was present. *Id.*

PBGC filed the present application on June 20, 2024, arguing that further attempts to personally serve Litvak would be futile. PBGC believes that the identified address, 899 Avenue H, San Francisco, California 94130, is Litvak's true and correct address because, during the Plan termination process in 2022 and continuing after PBGC became statutory trustee of the Plan in March 2024, he used this address when communicating with PBGC. Appl. at 3. PBGC states that Litvak represented this address as being both his personal and business address. *Id.* PBGC requests the Court permit service by posting on the front door of 899 Avenue H, San Francisco, CA 94130, and by electronic mail to the email address used in previous communications between PBGC and Litvak.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 4 governs service of the complaint and summons. Under Rule 4(e), an individual named defendant can be served within a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally." Alternatively, a defendant may be served in accordance with Rule 4(e), which allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P.

United States District Court
Northern District of California

1  4(h)(1)(A). California law provides for service of summons by personal delivery, substitute

2  service, mail, or publication. Cal. Code Civ. Proc. §§ 415.10-.50.

3        Courts may also authorize alternative methods of service pursuant to California Code of

4  Civil Procedure section 413.30, which provides, "[w]here no provision is made in this chapter or

5  other law for the service of summons, the court in which the action is pending may direct that

6  summons be served in a manner which is reasonably calculated to give actual notice to the party to

7  be served and that proof of such service be made as prescribed by the court." Due process

8  requires that service of process must be "reasonably calculated, under all circumstances, to apprise

9  interested parties of the pendency of the action and afford them an opportunity to present their

10  objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002)

11  (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Optima*

12  *Direct, LLC v. Yageo Am. Corp.*, 2021 WL 6051738, at *2 (N.D. Cal. Dec. 21, 2021).

### IV. DISCUSSION

14        The Court finds PBGC has been diligent in its efforts to effect service on Litvak, having

15  attempted to serve him with the documents by personal service via a process servicer, U.S. mail,

16  and FedEx. As those attempts have failed, any further attempts to serve Litvak by personal service

17  would be futile. Therefore, the Court finds an alternative method for service is necessary.

18        Courts have permitted alternative service by having a process service post documents on

19  the front door of a residence. *See Andersen v. Thompson*, 2022 WL 22715569, at *2 (N.D. Cal.

20  Feb. 17, 2022) (permitting service by posting on front door where previous attempts by email,

21  U.S. mail, and personal service via a process servicer were unsuccessful). Courts have also

22  permitted service by email in circumstances where "the plaintiff demonstrated reasonable

23  diligence in its attempts to serve the defendants" and "service by email is reasonably calculated to

24  give actual notice to the defendants." *Cisco Sys., Inc. v. Shaitor*, 2018 WL 3109398, at *4 (N.D.

25  Cal. June 25, 2018) (citations omitted); *Gnathonic, LLC v. Dingman*, 2019 WL 13166751, at *2

26  (C.D. Cal. Oct. 2, 2019). Accordingly, the Court shall permit PBGC to serve Litvak by these

27  alternative means.

28

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** PBGC's application to permit service by alternative means as follows:

(1) PBGC shall have the process server post a copy of the complaint, summons, and this order on the front door of his last known address, 899 Avenue H, San Francisco, California 94130;

(2) PBGC shall also have the process server mail the complaint, summons, and this order to Litvak via certified mail at 899 Avenue H, San Francisco, California 94130; and

(3) PBGC shall email a copy of the complaint, summons, and this order to the email address used in previous communications between the parties.

The Court **EXTENDS** the deadline for PBGC to complete service to July 24, 2024. The Court shall conduct a case management conference on September 26, 2024 at 10:00 a.m. by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. This conference shall be attended by lead trial counsel. Parties who are not represented by counsel must appear personally. By September 19, 2024, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: June 25, 2024

THOMAS S. HIXSON
United States Magistrate Judge